# Def's Responses to P's 1st Interrog.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Clara Whitten,<br><br>               Plaintiff,<br><br>vs.<br><br>Fred's, Inc.,<br><br>               Defendant. | C.A. No. 8:08-cv-0218-HMH-BHH<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES** |

TO:    PLAINTIFF AND MARY C. MCCORMAC, ESQUIRE, Plaintiff's Attorney

Defendant answers Plaintiff's First Interrogatories as follows:

Defendant asserts attorney-client privileges and immunities as to all communications between Defendant and its legal counsel, and thus objects to producing or disclosing such communications. Undersigned counsel asserts work product privileges and immunities as to their own work product. Defendant therefore objects to producing such work product. Defendant asserts work product privileges and immunities as to all communications and documentation prepared in anticipation of litigation and thus objects to producing such work product. In setting forth these answers, Defendant does not waive any attorney-client, work product, or other privilege or immunity that may attach to information called for in, or that may be responsive to, these interrogatories. Defendant does not concede the relevance or materiality of these interrogatories, the subject matter of these interrogatories, or documents produced in response to these interrogatories. Defendant reserves the right to question the competency, relevancy, materiality, privilege and admissibility of any documents produced or referred to herein. Defendant also reserves the right to revise, correct, supplement or clarify any of their answers or documents referred to herein. The above objections, privileges and immunities are asserted in response to each of the following interrogatories as if set forth verbatim at the beginning of each interrogatory:

## INTERROGATORIES

**1.** **List all persons with knowledge relating to this case in any way and describe in detail each relevant fact and area about which each witness has knowledge. Please also indicate whether Defendant may call each person at trial.**

**ANSWER:** Defendant objects to this interrogatory to the extent that its requests "in detail

each relevant fact . . . about which each witness has knowledge." This portion of the interrogatory is overbroad and unduly burdensome. Without waiving this objection, Defendant summarizes the subject-matters about which the witnesses are expected to testify. To the extent that Plaintiff seeks additional details about the knowledge of each witness, the witnesses are available to be deposed by Plaintiff subject to the Federal Rules of Civil Procedure and the Court's Scheduling Order. The transcript of the Employment Security Commission's July 31, 2006 hearing on Plaintiff's unemployment compensation claim also reveals details of the expected testimony of many of the witnesses listed below.

**Paula Cox** – At times relevant to this action, Ms. Cox was Defendant's employee. She is expected to testify to Plaintiff's actions on the day Plaintiff quit. She is also expected to testify about her working relationship with Matt Green.

**Robert Eunice** – At times relevant to this action, Mr. Eunice was Defendant's district manager for the district encompassing its Greenville and Belton stores. He is familiar with Defendant's policies and practices, Plaintiff's job performance, her transfer to the Belton store, her actions on the day she quit, and Defendant's actions in response to the allegations of harassment against Matt Green. He is expected to deny material allegations of the complaint.

**Matt Green** – At times relevant to this action, Mr. Green was the store manager for Defendant's Belton store. He is familiar with Plaintiff's performance at the Belton store and with Plaintiff's actions on the day she quit. He is expected to deny that he engaged in any inappropriate conduct toward Plaintiff and is also expected to deny material allegations of the complaint.

**Lance Ford** – At times relevant to this action, Mr. Ford was the Loss Prevention Manager for Defendant who investigated the allegations of sexual harassment against Matt Green. He is expected to testify about his findings and conclusions.

**Mike Holligan** – At times relevant to this action, Mr. Holligan was Defendant's employee. He is expected to testify to his involvement into the investigation of allegations of sexual harassment against Matt Green. He is familiar with Defendant's policies and practices.

**Kelli Jackson** – At times relevant to this action, Ms. Jackson was Defendant's employee. She is expected to testify to Plaintiff's actions on the day Plaintiff quit.

Defendant has not yet determined which of the above-listed witnesses it may call at trial. Defendant reserves the right to call any of the above witnesses and any witnesses identified by Plaintiff.

2.  **For purposes of calculating damages, please provide complete pay and benefit histories for each person who either replaced Ms. Whitten at any time after her employment ended or who worked for Defendant in a similar position. Please provide each such person's rate(s) of pay, the dates and amounts of raises given to persons in Ms. Whitten's and similar positions, the number of hours each person worked, and a description of the type, cost, and value of all benefits available to such person(s).**

**ANSWER:** Defendant objects to this interrogatory inasmuch as it is overbroad and seeks information not relevant to Plaintiff's claims. The salary information of other employees is irrelevant to Plaintiff's calculation of damages because each employee's salary is individualized, based on the employee's experience, starting salary, and promotions.

Without waiving these objections, Defendant responds that it is unknown what pay raises Plaintiff may have received, which would have been dependent upon her performance. The pay and benefits Plaintiff was receiving while employed with Defendant are reflected in D-0204–0212.

3.  **State and fully explain the relationship between the Fred's, Inc., entity registered with the Tennessee Secretary of State and reflected on Ms. Whitten's paycheck stubs, and the Fred's of Tennessee, Inc., entity that Defendant alleges should have been served. Please explain why Ms. Whitten should have named Fred's of Tennessee, Inc., as a Defendant.**

**ANSWER:** Fred's Stores of Tennessee, Inc., which is registered to do business in South Carolina, owns Fred's stores in South Carolina and employs the personnel who work at Fred's Stores. Therefore, Fred's Stores of Tennessee, Inc. was Plaintiff's employer. Fred's Stores of Tennessee, Inc. is owned by Fred's, Inc. Fred's, Inc. is a wholesaler that supplies merchandise, services, and other matters to its clients. These include payroll services.

As stated in Defendant's Rule 26.01 Court-Ordered Interrogatory Responses, Fred's Stores of Tennessee, Inc. consents to the clerical amendment of the caption without the need for service of an amended summons and complaint.

4.  **List and fully describe all administrative remedies Defendant claims that Ms. Whitten failed to exhaust, as alleged in Defendant's Second Defense.**

**ANSWER:** Plaintiff failed to timely file a charge of discrimination with the South Carolina Human Affairs Commission alleging a violation of the South Carolina Human Affairs Law.

5.  **List and fully describe every fact supporting Defendant's claim that Ms. Whitten failed to mitigate her damages, as alleged in Defendant's Fifth Defense.**

**ANSWER:** Plaintiff has a duty to be reasonably diligent in seeking and accepting new employment. This duty includes maintaining employment once it has been secured. As Plaintiff's deposition testimony confirms, she has had numerous jobs since the separation of her employment from Fred's. She has voluntarily quit or abandoned a number of these jobs when maintaining these jobs would have mitigated her damages.

6.  **List and fully describe, including the dates of all such actions, each action Defendant took to prevent and correct harassing behavior, as alleged in Defendant's Sixth Defense.**

**ANSWER:** On December 1, 1986, Defendant adopted a sexual harassment policy. This policy was revised effective October 1, 2002. During the period of Plaintiff's employment with Defendant, Defendant's employees were informed about this policy, including through the issuance of an employee handbook to each employee, the posting of the policy on employee bulletin boards,

3

the training of employees in the policy, including by video trainings, and the provision of a complaint hotline.

After receiving Plaintiff's complaint during the week of February 6, 2006, Defendant promptly initiated an investigation, interviewed key individuals, and reached a conclusion regarding Plaintiff's allegations.

**7.     List and fully describe how Ms. Whitten failed to take advantage of any protective or corrective opportunities provided by Defendant or to avoid harm otherwise, as alleged in Defendant's Sixth Defense.**

**ANSWER:** Plaintiff made the decision to quit her employment with Defendant and informed management that she was quitting before she had ever complained about alleged harassment. During the period that she was employed with Defendant, Plaintiff failed to file any complaint of harassment with Defendant or otherwise report any objectionable conduct to Defendant. Thus, Plaintiff failed to utilize the protective and corrective opportunities provided by Defendant.

**8.     List each fact supporting Defendant's allegation that Ms. Whitten's claims are barred by any statute of limitations, estoppel, waiver, and/or laches, as alleged in Defendant's Seventh Defense.**

**ANSWER:** Defendant's response to this contention interrogatory is as follows:

1. Statute of limitations/laches – S.C. Code Ann. 1-13-90 provides that an action under the Human Affairs Law must be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, whichever occurs earlier. Plaintiff never filed with the South Carolina Human Affairs Commission a charge alleging a violation of the Human Affairs Law. Even assuming the charge Plaintiff filed with the E.E.O.C. constituted her charge for purposes of the Human Affairs law, Plaintiff did not bring suit within 120 days from the date the E.E.O.C. charge was dismissed. *See* Plaintiff's deposition.

2. Estoppel – Plaintiff failed to identify her claim against Defendant as an asset of her bankruptcy estate. Therefore, she is judicially estopped from pursuing her claim in the current lawsuit. *See* Plaintiff's deposition.

3. Waiver – Plaintiff has failed to exhaust her administrative remedies and has waived her claims by failing to file with the South Carolina Human Affairs Commission a charge of discrimination alleging a violation of the South Carolina Human Affairs Law. Additionally, on the merits, Plaintiff has waived any claim by quitting her employment with Defendant before complaining of harassment. *See* Plaintiff's deposition.

**9.     List each person who has expressed any complaint, report or concern of any nature, whether formal or informal regarding Green. Please include the date of the complaint, name of the person, substance of complaint/report/concern, and actions taken by Defendant, if any.**

**ANSWER:** Pursuant to Rule 33(d), FRCP, Defendant identifies the following records, all of which have been produced in discovery, and examination of which will provide information responsive to this interrogatory:

(1) Krystal Bailey – *see* D-0183-0188; D-0191; D-0250; D-0327; D-0339.

(2) Cindy Richey – *see* D-0291-0293.

(3) Dana Waters – *see* D-0173-0174 and documents cited therein; D-0191; D-0327; D-0340.

10. **List and separately explain every "inconsistency" in the statements of Ms. Whitten, Ms. Waters, and Ms. Bailey, as alleged by Defendant in its June 2, 2006, letter to the USEEOC (letter to Summers (sic), page 3).**

**ANSWER:** Pursuant to Rule 33(d), FRCP, Defendant identifies the following records, all of which have been produced in discovery, and examination of which will provide information responsive to this interrogatory:

(1) Plaintiff – *See* Plaintiff's various handwritten notes recounting her alleged and inconsistent versions of the facts; Plaintiff's testimony before the Employment Security Commission; and Plaintiff's deposition testimony.

(2) Ms. Waters – *see* D-0173-0174 and documents cited therein; D-0191; D-0327; D-0340.

(3) Ms. Bailey – *see* D-0183-0188; D-0191; D-0250; D-0327; D-0339.

11. **List and describe each benefit available to Ms. Whitten during her employment, including the dollar cost (to the employee and/or to the employer) and value of each such benefit. Please also include a total of the value of benefits expressed as a percentage of salary.**

**ANSWER:** Pursuant to Rule 33(d), FRCP, Defendant identifies the following records, all of which have been produced in discovery, and examination of which will provide information responsive to this interrogatory: D-0204-0212.

12. **Provide a complete floor plan with accurate measurements for height, length, width, and height of all desks, chairs, windows, other furniture, and walls for the office area at the Belton store.**

**ANSWER:** The office area at Defendant's Belton, S.C., store is rectangular in shape: it is 5.5 feet long and 3.5 feet wide. When a chair is placed in the office, there is 1.5 feet of passable space. The height of the walls in the interior of the office is 3 feet; the height of the walls on the exterior of the office (*i.e.*, from the level of the store to the top of the office wall) is 6 feet.

13. **For every person mentioned and/or identified in Defendant's responses to these interrogatories and/or in the documents and things provided by Defendant in its initial**

5

disclosures and/or its responses to Ms. Whitten's Requests for Production, provide: (1) name; title, (2) last known address and telephone number; race; (3) current employment status; and (4) date and reason for separation from employment, if any. Please include, but do not limit Defendant's response to information concerning, Paula Cox, Matt Green, Kelly Jackson, Robert Eunice, Lance Ford, Gina Curry, Sara Lloyd, Tiffany Cheek, Mike Holligan, Cindy Richey, Tracie Finley, the six female employees interviewed by Ford (June 2, 2006, letter to Summers (sic), page 2), and all female employees (including management and supervision) who have worked for or with Matt Green at any time during his employment.

**ANSWER:** Defendant objects to this interrogatory to the extent that it seeks information about "all female employees . . . who have worked for or with Matt Green at any time during his employment" inasmuch as the request is overbroad, unduly burdensome, and irrelevant to the claims in this lawsuit. Without waiving this objection, Defendant identifies all female employees who worked for or with Matt Green during the period of Plaintiff's employment with Defendant until the filing of this lawsuit (*i.e.*, March 2, 2005 until February 2, 2007). Additionally, Defendant provides the requested information for all of the individuals specifically identified in this interrogatory. *See* Attachment A. Defendant further objects to providing information about the reason for the employers' separation from employment as this seeks confidential information and is irrelevant to the issues in this case. Defendant does not maintain in its permanent files the telephone numbers of employees.

 

_____
Stephen T. Savitz (FID 3738)
Shahin Vafai (FID 7518)
GIGNILLIAT, SAVITZ & BETTIS, L.L.P.
900 Elmwood Ave., Suite 100
Columbia, SC 29201
Phone: (803) 799-9311
Fax: (803) 254-6951
svafai@gsblaw.net

July 18, 2008

ATTORNEYS FOR DEFENDANT

6

CERTIFICATE OF SERVICE

This is to certify that I have this date caused to be served a copy of the foregoing Defendant's email (sv) Responses to Plaintiff's First Interrogatories on counsel for Plaintiff via facsimile and by deposit in the United States mail, first-class, postage prepaid, addressed to:

>Mary C. McCormac, Esq.
>Post Office Box 1535
>Clemson, SC 29633-1535

_____
Shahin Vafai

July 18, 2008

7