IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Clara Whitten, ) | |
| ) | C.A. No. 8:08-0218-HMH-BHH |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Fred's, Inc., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Fred's, Inc.'s motion to dismiss or, in the alternative, for summary judgment. After review, the court grants the Defendant's motion to dismiss.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Whitten was employed by the Defendant from April 2005 until February 2006. On February 3, 2006, Whitten was transferred from the Greenville, South Carolina Fred's store to the Belton, South Carolina Fred's store. At the time the relevant events occurred, Whitten was the assistant store manager at the Belton store. Whitten's first day of work at the Belton store was February 3, 2006. Whitten alleges that the Belton store manager, Matt Green ("Green"), sexually harassed her from February 3-4, 2006.

According to Whitten, on Sunday, February 5, 2006, she spoke with Paula Cox ("Cox"), the Greenville store manager, and Kelly Jackson, the Belton store operations manager about Green's conduct. (Def.'s Mem. Supp. Summ. J. Ex. B (Whitten Dep. Ex. 17 at P0058-60).) In addition, she notified the district manager, Robert Eunice ("Eunice"), of the sexual

1

harassment and allegedly, Eunice informed her that she was overreacting and should return to work.  (Id. Ex. B (Whitten Dep. Ex. 17 at P0058-60).)  Green denies touching Whitten and Eunice denies that Whitten reported the sexual harassment to him prior to her ceasing employment with the Defendant.  (Id. Ex. E (Green Dep. at 62) & Ex. D (Eunice Aff. ¶ 4).)

The Defendant has an employee handbook with an anti-harassment policy. Subsequently, the Defendant investigated Whitten's sexual harassment claim and found that the charges were unsubstantiated.  (Id. Ex. F (Lance Ford Decl. ¶ 7).)

On March 15, 2008, Whitten filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  Whitten did not separately file a charge with the South Carolina Human Affairs Commission ("SCHAC"), but indicated on the form as follows, "I want this charge filed with both the EEOC and the State or local Agency, if any."  (Id. Ex. B (Whitten Dep. Ex. 6).)  The EEOC dismissed Whitten's charge on September 21, 2006.

Whitten filed the instant lawsuit in state court on February 2, 2007, and the Defendant removed the case to federal court on January 23, 2008.[1]  The Defendant filed a motion to dismiss and a motion for summary judgment on August 29, 2008.  In part, the Defendant alleged that Whitten's claim should be dismissed for lack of standing because at the time this action was filed, Whitten had a pending bankruptcy proceeding.  Whitten argued in response that the bankruptcy trustee had abandoned the instant lawsuit. On February 11, 2009, the court granted the Defendant's summary judgment motion on substantive grounds and declined to address the Defendant's motion to dismiss based on the pending bankruptcy proceeding.  On

---

[1] The Defendant learned that the case was removable based on Whitten's January 9, 2008 deposition testimony that the amount in controversy exceeded $75,000.

appeal, the Fourth Circuit vacated and remanded the case for trial. Whitten v. Fred's, Inc., 601 F.3d 231, 251 (4th Cir. 2010).

After the case was remanded, the Defendant filed the instant motion to dismiss based on newly discovered evidence concerning Whitten's bankruptcy proceeding on June 4, 2010. Whitten's bankruptcy case was closed in February 2007. However, on July 20, 2009, the bankruptcy trustee moved to reopen Whitten's bankruptcy case "to administer assets found after the closing of the case." (Def. Sec. Mem. Supp. Mot. Dismiss Attach. B (Bankruptcy Court Docket).) In her Chapter 7 bankruptcy petition, Whitten indicated that she "possibly could file a Sexual Harassment Lawsuit" against the Defendant and listed the asset's value as "'Unknown.'" (Id. Attach. D (Mot. Reopen ¶ 2).) The trustee stated that "[o]n September 17, 2008, the Trustee was informed and believes that the debtor had filed the harassment suit on February 2, 2007 and did not inform the Trustee or the Court of the filing." (Id. Attach. D (Mot. Reopen ¶ 4).) Further, the trustee indicated that "[o]n June 12, 2009, the Trustee was informed and believes that a settlement has been reached and the debtor would be receiving a distribution of $2,845.30, less applicable withholding taxes, for back wages. The Trustee has determined this distribution to be an asset of the bankruptcy estate." (Id. Attach. D (Mot. Reopen ¶ 5).) The motion was served by mail on Whitten and her bankruptcy attorney. (Id. Attach. D (Mot. Reopen 3-4).) After a hearing on the motion to reopen, the bankruptcy court granted the trustee's motion. (Def. Mem. Supp. Sec. Mot. Dismiss Attach. B (Bankruptcy Case Docket Entry 41).) Thereafter, the trustee issued notice of his final report, identifying Whitten's sexual harassment lawsuit against the Defendant as an asset, and a February 25, 2010 deadline to object. (Id. Attach. E (Notice and Final Report 1).) In the final report, the trustee

3

found that the asset was not abandoned and that the "ASSET HAS BEEN FULLY ADMINISTERED." (Id. Attach. E (Notice and Final Report 8).) Whitten did not file any objections and on February 5, 2010, the bankruptcy court issued an order approving the final report. (Id. Attach. B (Bankruptcy Case Docket Entry 51).)

On June 11, 2010, the court ordered that the clerk of court send a copy of the docket sheet in this case, a copy of the Defendant's motion, and a copy of the June 2010 Order to the bankruptcy trustee. (June 2010 Order, generally.) Further, the court ordered that the bankruptcy trustee respond to the Defendant's motion within 20 days of the date of the order. (Id.) To date, no response has been received from the bankruptcy trustee. Further, Whitten has not filed a memorandum in opposition to the Defendant's motion to dismiss for lack of jurisdiction. This matter is ripe for consideration.

## II. Discussion of the Law

### A. Standing

Challenges to standing may be raised at any time. Plyler v. Moore, 129 F.3d 728, 731 n.6 (4th Cir. 1997) (holding that issues regarding subject-matter jurisdiction "may be raised at any time by either party or sua sponte by this court"); Center State Farms v. Campbell Soup Co., 58 F.3d 1030, 1038 (4th Cir. 1995) ("Because objections to standing are jurisdictional in nature, they may be raised at any time, . . . even if raised for the first time on appeal . . . ." (internal citations omitted)). "A court does not have subject matter jurisdiction over an individual who does not have standing." AtlantiGas Corp. v. Columbia Gas Transmission Corp., No. 05-2180, 2006 WL 3798132 at *3 (4th Cir. Dec. 19, 2006) (unpublished). If a "claim is property of the [bankruptcy] estate, the trustee is given full

authority over it. . . . Thus, before the debtor or a creditor may pursue a claim, there must be a judicial determination that the trustee in bankruptcy has abandoned the claim." Steyr-Daimler-Puch of Am. Corp. v. Pappas, 852 F.2d 132, 136 (4th Cir. 1988) (internal citation omitted). "If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." National Am. Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999) (finding that individual creditor had no standing to pursue cause of action until abandoned by the trustee). Therefore, "the moment [Whitten] filed [her] bankruptcy petition . . . , all [her] interests in the instant cause of action became property of the bankruptcy estate. Unless [Whitten] can show that the claim was exempt from the estate or abandoned by the trustee, [she] ha[s] no standing to bring or pursue it – only the trustee may do so." Miller v. Pacific Shore Funding, 287 B.R. 47, 50-51 (D. Md. 2002).

Whitten conceded in her memorandum in opposition to the Defendant's first motion to dismiss that "[o]rdinarily, a bankruptcy petitioner cannot pursue a claim unless the trustee has abandoned the cause of action." (Whitten Mem. Opp'n Def. First Mot. Dismiss 18.) However, Whitten argued that the bankruptcy trustee had "expressly abandoned" the claims raised in this lawsuit. (Id. 20.) In her bankruptcy petition, Whitten noted that "Debtor possibly could file a Sexual Harassment Lawsuit against Fred's and be awarded a settlement. (Case is being evaluated for merit right now and thus has not been filed yet. Debtor's attorney is Mary McCormick.)." (Def. Mem. Supp. Sec. Mot. Dismiss Attach. A (Voluntary Petition Schedule of Personal Property).) Whitten did not inform the bankruptcy trustee that the instant lawsuit had been filed on February 2, 2007, despite the fact that the bankruptcy case was still ongoing. The bankruptcy case was closed on February 26, 2007. (Id. Attach. D (Mot. Reopen ¶ 3).)

5

However, after learning of the filing of the instant lawsuit in September 2008 and after the trustee received settlement proceeds in July 2009 in connection with a separate class action case against the Defendant that Whitten had opted into,[2] the trustee successfully moved to reopen Whitten's bankruptcy case to administer this lawsuit as an asset of the bankruptcy. (Id. Attach. D (Mot. Reopen ¶ 5).)

A review of the record reveals that the bankruptcy trustee is under the mistaken impression that the instant action has settled. (Id. Attach. D (Mot. Reopen ¶ 5).) However, the bankruptcy trustee in reopening the bankruptcy action listed this harassment lawsuit as an asset of the estate and "Fully Administered" the asset. (Id. Attach. E (Notice and Final Report 8).) Further, the court has advised the bankruptcy trustee of this action and provided the bankruptcy trustee an opportunity to respond. (June 2010 Order.) Having received no response, the court finds that the bankruptcy trustee did not abandon Whitten's harassment suit against the Defendant as an asset of the bankruptcy estate and has fully administered the asset. The reason the bankruptcy case was closed was because the bankruptcy trustee believed, based on the testimony of Whitten, it was a no asset case. (Def. Mem. Supp. Sec. Mot. Dismiss Attach. D (Mot. Reopen ¶ 3).) However, Whitten failed to inform the trustee that the instant lawsuit had been filed. (Id. Attach. D (Mot. Reopen ¶ 5).) The court finds that the instant lawsuit was not abandoned by the trustee and has been fully administered as an asset of the bankruptcy estate. Further, Whitten has failed to come forward with any evidence to the contrary. Based on the

---

[2] A review of the record reveals that Whitten did not disclose the class action claim in her bankruptcy case.

6

foregoing, Whitten lacks standing to prosecute this action. Therefore, the court must dismiss this action for lack of subject-matter jurisdiction.

It is therefore

**ORDERED** that the Defendant's motion to dismiss, docket number 68, is granted.

**IT IS SO ORDERED.**

                                                      s/Henry M. Herlong, Jr.
                                                      Senior United States District Judge

Greenville, South Carolina
July 12, 2010